**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Shane Monet; Robert Etue, Jerry Timm, Larry Martin, Troy Demby,<br><br>    Plaintiffs,<br><br>vs.<br><br>Northern Arizona Transfers and Storage, Inc., d/b/a Prescott Moving and Storage,<br><br>    Defendant. | No. CV-07-8003-PHX-LOA<br><br>**ORDER** |

       This is the time set for informal Rule 16 scheduling conference. Plaintiffs are represented by Tempe counsel, Francis Fanning. Defendant is represented telephonically by Phoenix counsel, J. Jeffrey Coughlin.[1] Court reporter is not present.

       All parties have heretofore consented to magistrate judge jurisdiction pursuant to Title 28 U.S.C. §636(c) with the approval of the formerly-assigned District Judge. (docket # 14)

       The Court informs counsel that since the judge's bench at the historic federal

---

[1] Defense counsel advises that he did not receive a Notice of Electronic Filing ("NEF") of today's conference despite his registration and electronic signature on the Answer. (docket # 10) The Clerk confirms that based upon his request today to the Court, J. Jeffrey Coughlin is now lead defense counsel and Stephen Gregory Jones' appearance has been terminated. Mr. Jones will no longer receive NEFs in this case. Mr. Jones is instructed to comply with the ECF Manual if he desires his secretary or anyone else to receive NEFs in this case.

courthouse in Prescott is inaccessible for a judge who uses a wheelchair, the Court is inclined to transfer the trial and all further matters in this case to the Sandra Day O'Connor U.S. Courthouse in Phoenix pursuant to its discretion in Title 28 U.S.C. § 1404(c). Like Nevada and Alaska, Arizona does not have official, statutory divisions within the District of Arizona. *United States v. Rybachek*, 643 F.Supp. 1086 (D. Alaska, 1986); *El Ranco, Inc. v. First National Bank*, 406 F.2d 1205 (9th Cir.1969), *cert. denied*, 396 U.S. 875, (1969); 28 U.S.C. § 1404). No objection is made by either counsel.

Mr. Fanning advises that Plaintiffs' New York co-counsel, D. Maimon Kirschenbaum, is not receiving NEFs but that all notices, orders, etc. are received by mail. Mr. Fanning requests that his co-counsel receive electronically-filed orders and other documents.  Upon inquiry to the Clerk's office and a review of the May 17, 2007 order, the Court is informed that Mr. Kirschenbaum was ordered "to register as a user of the Electronic Filing System" within "five (5) days" of that order. (docket # 7) Because he has not complied with this order, Mr. Kirschenbaum is not receiving electronically-filed orders and other documents. Contingent upon his timely compliance, Mr. Kirschenbaum's Motion for Admission *Pro Hac Vice* was granted on May 17, 2007. (*Id.*) The Court will order Mr. Kirschenbaum to properly and timely register for ECF filing by a date certain or his admission *pro hac vice* may be stricken *ab initio*.

Pursuant to counsels' discussions with the Court today and the various deadlines set forth in their Rule 16 Joint Case Management Report, docket # 12, filed on August 30, 2007, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which are agreed to by all counsel.  Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985) (good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("[F]ederal

1 Rule of Civil Procedure 16 is to be taken seriously."). Continuances of these deadlines may
2 be granted only upon a showing of good cause and by leave of the assigned trial judge.
3 Settlement negotiations do not constitute good cause. These **deadlines are real**. The parties
4 are advised that the Court intends to enforce the deadlines set forth in this Order and should
5 plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*,
6 2006 WL 2573201 *1 (D. Ariz. 2006).

7      1. In light of the Rule 26(f) conference being held on August 23, 2007, counsel
8 shall exchange their Rule 26(a) initial disclosures no later than **Friday, October 12, 2007**.

9      2. Filing motions to amend pleadings and motions to join additional parties by
10 **Friday, November 2, 2007**.[2]

11      2. Because the Court believes that staggered expert disclosure is more fair and
12 will less likely result in requests for a modification of these deadlines, Plaintiffs' disclosure
13 of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made
14 by **Friday, January 4, 2008.** Defendant's disclosures of expert testimony and reports
15 required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **Friday, February 29, 2008.**
16 Plaintiffs' disclosure of true rebuttal expert testimony and reports solely to contradict or rebut
17 evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P., shall be made by **Monday,**
18 **March 31, 2008**.

19      Each testifying expert witness (regardless of whether such expert witness has
20 or has not been specifically retained for this case, such as, a treating physician, or if the expert

---

[2] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

1 is an employee of the calling party) shall provide a written report to the adverse party setting
2 forth the, at least, the requirements dictated by Rule 26(a)(2)(B). *Minnesota Mining and*
3 *Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

4       Any expert witness not timely disclosed will not be permitted to testify unless
5 the party offering such witness demonstrates: (a) that the necessity of such expert witness
6 could not have been reasonably anticipated at the time of the deadline for disclosing such
7 expert witness; (b) the Court and opposing counsel or unrepresented party were promptly
8 notified upon discovery of such expert witness; and (c) that such expert witness was promptly
9 proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th
10 Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

11       3. Written disclosure of all known witnesses, exhibits and other matters required
12 by Rule 26(a)(3), Fed.R.Civ. P., and all supplementation of discovery required by Rule 26(e),
13 Fed.R.Civ. P., shall be made by **Wednesday, April 30, 2008**.[3]

14       4. Completion of all discovery: **Friday, May 30, 2008**.

15       5. Filing all dispositive motion(s) on or before **Monday, June 30, 2008**. A
16 Cross-motion for summary judgment may be filed **within 30 days** of the adverse party's
17 dispositive motion; provided, however, such motion is **solely** related to the specific issue(s)
18 directly raised in the initial dispositive motion(s). Absent express prior leave of the Court, the
19 parties stipulate and agree that each Defendant is limited to one summary judgment motion,
20 which shall comply in all respects to the Local Rules, per claim alleged in Plaintiff's Third
21 Amended Complaint.

---

[3] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including failure to specifically include witnesses and exhibits in the Proposed Final Pretrial Order or to call such witnesses or to offer such exhibits at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

- 4 -

1    Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of
2 rules regarding electronic filing, counsel consent and agree that service under Rule 5(a) may
3 be obtained on the other party by delivering a copy of the document by electronic means.
4 Service by electronic means is complete upon transmission. Counsel also advise the Court that
5 they are registered and will comply with the District Court's Case Management/Electronic
6 Case Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District
7 Court's internet site (www.azd.uscourts.gov) and click onto the CM/ECF link for the details
8 of the District Court's electronic filing system.

9    The Court and counsel also generally discuss issues relating to the preservation,
10 production and privilege of electronically-stored information, including the form or forms in
11 which it should be produced. See, Fed. Civil Rules of Proc. 16(b)(5), 26(f)(3), 33, 34, 37 and
12 45, effective December 1, 2006; Dawn M. Bergin, *New Federal Rules on E-Discovery - Help*
13 *or Hindrance?,* Arizona Attorney, December, 2006, pp. 22 - 28; Anthony J. Battaglia, *Dealing*
14 *With Electronically Stored Information: Preservation, Production And Privilege*, The Federal
15 lawyer, May, 2006, pp. 26 - 31. Counsel indicate no concerns presently exist about any such
16 issues.

17    Counsel are hereby advised that the Court has various audio and visual
18 equipment available for use at an evidentiary hearing or trial at no cost to the Bar.  This
19 equipment includes an evidence presentation system, which consists of a document
20 camera, digital projector, and screen.  The projector may be used to display images which
21 originate from a variety of sources, including television, VCR, and personal computer.
22 The document camera may be used to display documents, photographs, charts,
23 transparencies, and small objects.  For further information please contact the Court's A/V
24 Specialist, Brian Lalley at (602) 322-7131.

25    **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
26 Scheduling Conference after the Court's ruling on all dispositive motions; after completion
27 of all discovery, if no dispositive motion is timely filed; or upon written request from any
28 party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and

1 times of trial, motions in *limine*, *Daubert*[4] hearings, etc.  Counsel shall bring their calendars
2 with them to this conference.

3   **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised
4 of the possibility of settlement and should settlement be reached, the parties shall
5 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this
6 Court's chambers. LRCiv 40.2(d).  This Court views compliance with the provisions of this
7 Order as critical to its case management responsibilities and the responsibilities of the
8 parties under Rule 1 of the Federal Rules of Civil Procedure.

9   The parties are advised that when sufficient information has been disclosed
10 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
11 claims and defenses alleged in this case, a settlement conference before another U.S.
12 magistrate judge may be requested. Delay in requesting, scheduling or concluding a
13 settlement conference or settlement negotiations do not constitute good cause to continue or
14 extend the deadlines set herein.

15   **IT IS FURTHER ORDERED** that all counsel shall hereinafter comply with
16 the Rules of Practice for the United States District Court for the District of Arizona, as
17 amended on December 1, 2006, and any subsequent amendments thereto.  The District's
18 Rules of Practice may be found on the District Court's internet web page at www.azd.
19 uscourts.gov/.  All other rules may be found at www.uscourts.gov/rules/. Counsel are also
20 reminded of their certification to comply with the Standards of Professional Conduct with
21 their admission to practice in this District Court. The Standards of Professional Conduct are
22 located on the District's website, click on link "Attorney Information," and then click on
23 link "Attorney Admissions Information."

24   **IT IS FURTHER ORDERED** transferring this case to Phoenix for trial and
25 all further matters. Counsel and any unrepresented party shall use the following number

---

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

1 and initials on all pleadings and documents filed herein until further order of the Court: No.
2 CV-07-8003-PHX-LOA.

3       **IT IS FURTHER ORDERED** that New York attorney D. Maimon
4 Kirschenbaum shall properly and timely register for ECF filing by **Friday, October 5,**
5 **2007** or his admission *pro hac vice* may be stricken *ab initio*.

6       DATED this 27th day of September, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 7 -